UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD ANTONIO GUTIERREZ-PANIAGUA,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, et al.,

Respondents.

No. 1:26-cv-02631-DAD-CKD

ORDER *SUA SPONTE* TRANSFERRING THIS ACTION TO THE SOUTHERN DISTRICT OF CALIFORNIA

(Doc. Nos. 1, 2.)

On April 8, 2026, petitioner filed a petition for writ of habeas corpus and a motion for his immediate release. (Doc. Nos. 1, 2.) In that petition, petitioner alleges that he is detained at the Otay Mesa Detention Center, yet in his motion for immediate release, petitioner states that he is detained at the California City Corrections Center.[1] (Doc. Nos. 1 at 1; 2 at 1.) On April 10, 2026, the court issued a minute order directing respondents to inform the court whether petitioner was detained within this district at the time that his petition was filed with this court. (Doc. No. 6.) On April 10, 2026, respondents filed a notice of detainee location, in which they confirm that

/////

_____

[1] The Otay Mesa Detention Center in Otay Mesa, California is located in the Southern District of California, while the California City Corrections Center in California City, California is located in the Eastern District of California.

1

petitioner has been detained at the Otay Mesa Detention Center located in the Southern District of California since his detention on June 25, 2025.  (Doc. Nos. 7; 7-1 at 1.)

"The federal courts are under an independent obligation to examine their own jurisdiction[.]"  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004).  Where a district court lacks jurisdiction to preside over a case, it may *sua sponte* transfer the action to the court where jurisdiction is proper pursuant to 28 U.S.C. § 1631 where:  (1) the transferor court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time that the action was filed; and (3) transfer is in the interest of justice.  *Kolek v. Engen*, 869 F.2d 1281 (9th Cir. 1989).  "The federal transfer statute is applicable in habeas proceedings."  *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

Habeas jurisdiction lies only in the district of confinement.  *Doe v. Garland*, 109 F.4th 1188, 1198 (9th Cir. 2024) (holding the district court's exercise of jurisdiction over an immigration habeas petition was improper because the petitioner was confined in a different district).  Moreover, habeas jurisdiction is established at the time of filing.  *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018) (holding that the petitioner's transfer to another facility did not destroy the jurisdiction established at the time of filing).  As to the first two factors, petitioner was detained at the Otay Mesa Detention Center in Otay Mesa, which lies the Southern District of California, when he filed the petition for writ of *habeas corpus*.  As to the third factor, because dismissal would unduly delay petitioner's action by forcing him to re-file the petition and motion for temporary restraining order, the interests of justice warrant transferring this action.  *See Richitelli v. Shartle*, No. 15-cv-00410-TUC-RMB-PV, 2017 WL 5900072, at *3 (D. Ariz. Nov. 6, 2017), *report and recommendation adopted*, No. 15-cv-00410-TUC-RM, 2017 WL 5885468 (D. Ariz. Nov. 29, 2017).  Therefore, all three factors are satisfied and a *sua sponte* transfer of this action is appropriate under the circumstances.

/////

/////

/////

2

Accordingly, for the reasons explained above, the Clerk of the Court is DIRECTED to transfer this case to the Southern District of California.

IT IS SO ORDERED.

Dated:   **April 13, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE